WHITNEY and others *vs.* BELDEN and others.

Although, as a general rule, a party must answer fully, yet he may accompany an admission or denial with explanations by way of avoidance ; and if the complainant requires further information, he must get it through the interrogatories or charging part of the bill. If he has omitted these, he cannot except. His course is to amend.

*October* 3, 1832.

*Pleading.*
*Answer.*

In this case, the complainants were judgment creditors of the defendants ; and, by their bill, they called for a discovery of property belonging to their debtors, which they had been unable to reach by execution at law. Amongst other things, they charged that the defendants, Charles Belden and George Belden, for the purpose of covering their property and their interest in a present business, were carrying on the same in the name of Frederick Belden, their brother, who resided in South America, but who had no interest or a very small one in the business ; and that the capital was their own. The bill claimed a full discovery of every thing going to show who were the parties really interested.

The defendants answered ; and the matter now came before the court upon exceptions to the answer.

There were many exceptions : but only one, the thirteenth, involved a practical point.

The bill, amongst other things, required the defendants to answer, whether George Belden did not, after the failure of the house of Crommelin, Davies, & Co., go to New Orleans in order to examine into the affairs of that firm ; and whether he did not, after examining the books of Crommelin, Davies & Co., admit that the balance due from the latter to the defendants did not exceed fifty thousand dollars or thereabouts.

In answer to this, the defendants said, in substance, that George Belden did go to New Orleans for this purpose ; that he had but little access to their books ; but after he had ex-

amined them as much as he was permitted to do, he did not then or at any other time admit that the balance due from Crommelin, Davies & Co. to these defendants did not exceed fifty thousand dollars, or thereabouts, on the contrary, he stated the amount in Crommelin, Davies & Co.'s respite papers at fifty thousand dollars and upwards; and that at this period he expected Crommelin, Davies & Co. would take up some bills of exchange to a large amount, which, however, was not done, and which, consequently, swelled to a much larger sum the amount due.

The complainant excepted to this part of the pleading, because the defendants had not answered how far he was permitted to examine the books; nor in what respect he was prevented from so doing; that they had not explained what they meant by "respite papers," or the statement therein made, so as to have it ascertained how far the latter was such admission as aforesaid or how otherwise; and because the defendants jointly or severally had not stated the bills of exchange they referred to, which it was expected Crommelin, Davies & Co. would take up, nor what was the amount thereof.

THE VICE-CHANCELLOR. The particulars called for by this exception are not specified in the allegations or interrogatories of the bill. But it is insisted, that as the defendants have undertaken to answer, and apparently admit the charge which is in the bill, they are bound to go further and give all these explanations.

As a general rule, the party who submits to answer, must do so fully. Still, I know of no principle in pleading which makes it imperative on him to do more. He may, if he chooses, accompany his admission or denial of the matters charged in the bill with explanations by way of avoidance of his admission in support of his denial; and if the complainant would wish him to go further and explain more particularly, he should have anticipated him by interrogatories in the bill founded upon the general charges, or by setting forth such particulars by way of pretence of the defendants and charging the contrary to be true. If he omits these precautions, he should

*1832.*

WHITNEY
*v.*
BELDEN.

*December 3.*

not except. His course is to apply for leave to amend his bill.

I am of opinion the master decided correctly in disallowing this exception.